IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BLAKE TISHMAN, P.A., a Florida Professional Corporation, individually and as the representative of a class of similarly-situated persons,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BAPTIST HEALTH SOUTH FLORIDA, INC., BAPTIST SLEEP CENTERS, LLC, and JOHN DOES 1-10,<br><br>　　　　　　　　Defendants. | Case No. 17-cv-62230<br><br>CLASS ACTION |

## CLASS ACTION COMPLAINT

Plaintiff, Blake Tishman, P.A. ("Plaintiff") brings this action on behalf of itself and all other persons similarly situated and, except for those allegations pertaining to Plaintiff or its attorneys, which are based upon personal knowledge, alleges the following upon information and belief against defendants, Baptist Health South Florida, Inc. and Baptist Sleep Centers, LLC (together, "Baptist" or "Defendants") and John Does 1-10:

### PRELIMINARY STATEMENT

1.　Defendants have sent advertisements by facsimile in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the regulations the Federal Communications Commission ("FCC") has prescribed thereunder, 47 C.F.R. § 64.1200 (collectively, the "TCPA").

2. Defendants sent Plaintiff at least 3 advertisements by facsimile and in violation of the TCPA. True and correct copies of those three faxes are attached hereto as Exhibit A, Exhibit B, and Exhibit C. Each of the faxes advertises the quality or availability of Defendants' outpatient diagnostic or home sleep study services. Plaintiff did not expressly consent to receive any advertisement from Defendants by fax. Moreover, Plaintiff does not have an established business relationship with Defendants and the faxes lack the opt-out notice required by the TCPA.

3. Plaintiff brings this action against Defendants on behalf of a class of all persons and entities that Defendants sent one or more telephone facsimile messages ("faxes") about Defendants' home sleep study or outpatient diagnostic services, seeking statutory damages for each violation of the TCPA, trebling of the statutory damages if the Court determines Defendants' violations were knowing or willful, injunctive relief, compensation and attorney fees (under the conversion count), and all other relief the Court deems appropriate under the circumstances.

4. Defendants' unsolicited faxes damaged Plaintiff and the other class members. Unsolicited faxes tie up the telephone lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message. The recipient of a "junk" fax loses the use of its fax machine while receiving an unsolicited fax transmission, and many lose their paper and ink toner in printing the fax. Such an

unsolicited fax interrupts the recipient's privacy. A junk fax wastes the recipient's valuable time that would have been spent on something else.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff is a Florida Professional Corporation with its principal place of business in Coral Springs, Florida.

6. On information and belief, Baptist Health South Florida, Inc. is a Florida corporation with its principal place of business in Coral Gables, Florida.

7. On information and belief, Baptist Sleep Centers, LLC is a Florida limited liability company with its principal place of business in Coral Gables, Florida.

8. John Doe Defendants 1-10 are persons yet unknown to Plaintiff that actively participated in the transmission of fax advertisements to the class, benefitted from those transmissions, or are successors in interest to Defendants. When Plaintiff discovers their identities, it will seek leave to amend this complaint to add allegations regarding such person's activities and liabilities in this action.

9. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

10. Personal jurisdiction exists over Defendants in Florida because Defendants are Florida limited liability entities, have transacted business within the State, and have committed tortious acts within the State.

11. Venue is proper in the Southern District of Florida because Defendants committed statutory torts within this District and a significant portion of the events

took place here.

## FACTS

12. Baptist Health South Florida, Inc. is a health care organization operating multiple hospitals and outpatient medical centers.

13. Baptist Sleep Centers, LLC is a medical provider specializing in diagnosing and treating sleep disorders.

14. On information and belief, Baptist Sleep Centers and Baptist Health South Florida operate out of the same headquarters and share the same logo.

15. Defendants sent advertisements by facsimile to Plaintiff and a class of similarly-situated persons. Whether Defendants did so directly or with the assistance of a third party (yet unknown to Plaintiff), Defendants are directly liable for violating the TCPA.

16. Plaintiff has received at least 3 of Defendants' advertisements by facsimile. A true and correct copy of the fax Plaintiff received on or about January 5, 2017 is attached as Exhibit A. A true and correct copy of the fax Plaintiff received on or about March 21, 2017 is attached as Exhibit B. A true and correct copy of the fax Plaintiff received on or about April 11, 2017 is attached as Exhibit C.

17. Exhibit A, Exhibit B, and Exhibit C are one-page documents Defendants sent by fax. Each facsimile advertises the commercial availability or quality of Defendants' property, goods, or services. The faxes provide information about the availability and quality of Defendants' home sleep study and outpatient diagnostic services. Exhibit A, Exhibit B, and Exhibit C.

18. Exhibit A and Exhibit B promote the availability of Defendants' outpatient diagnostic services. The documents offer Mammography, Ultrasound, and X-Ray services. Exhibit A and Exhibit B. The documents promote the quality of Defendants' outpatient diagnostic services by describing Baptist's convenience and by stating, "walk-ins always welcome!" Exhibit A and Exhibit B.

19. Exhibit C promotes Defendants' home sleep study services. Exhibit C. The document promotes the quality of Defendants' sleep study services by describing the convenience of the services and stating that the study can be ordered while patients are at the fax recipient's office. Exhibit C.

20. Exhibit A, Exhibit B, and Exhibit C contain Defendants' telephone numbers in large font which recipients could use to order Defendants' home sleep study or outpatient diagnostic services. Exhibit A, Exhibit B, and Exhibit C.

21. Exhibit A, Exhibit B, and Exhibit C prominently display the Baptist pineapple logo at the top. Exhibit A, Exhibit B, and Exhibit C.

22. Exhibit A, Exhibit B, and Exhibit C do not include the opt-out notice required by the TCPA. *See* 47 U.S.C. § 227 (b) (2) (D) & (E) and 47 C.F.R. § 64.1200 (a) (4) (iii) & (v).

23. On information and belief, Defendants sent advertisements by facsimile to Plaintiff and more than 39 other persons in violation of the TCPA.

24. Plaintiff and the other class members owe no obligation to protect their fax machines from Defendants. Their fax machines are ready to send and receive their urgent communications, or private communications about clients' needs, not to

receive Defendants' unlawful advertisements.

## CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action as a class action on behalf of itself and all others similarly situated as members of a class, initially defined as follows:

> Each person or entity that was sent one or more telephone facsimile messages after November 14, 2013 about outpatient diagnostic tests or home sleep tests available from or through Baptist Health South Florida or Baptist Sleep Centers.

Plaintiff anticipates modifying the proposed class definition, including proposing subclasses where appropriate, after discovery about the scope and breadth of Defendants' fax advertising program and will do so through an amended motion for class certification pursuant to Fed. R. Civ. P. 23.

26.     Excluded from the class are Defendants, any entity in which Defendants have a controlling interest, each of Defendants' officers, directors, legal representatives, heirs, successors, and assigns, and any Judge assigned to this action, including his or her immediate family.

27.     In this action, Plaintiff intends to discover, include, and resolve the merits of claims about all advertisements Defendants sent by fax. Exhibit D, a Demand for Preservation of All Tangible Documents Including Electronically Stored Information.

28.     This action is brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23. This action satisfies Rule 23 (a)'s numerosity, commonality, typicality, and adequacy requirements. Furthermore, the questions of law or fact that are common in this action predominate over any individual

questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23 (b) (3).

29. **Numerosity/impracticality of joinder.** On information and belief, the class consists of more than 39 persons and, thus, is so numerous that individual joinder of each member is impracticable. The precise number of class members and their identities are unknown to Plaintiff, but will be obtained from Defendants' records or the records of third parties.

30. **Commonality and predominance.** There is a well-defined community of interest and there are common questions of law and fact that predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from one class member to another, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to the following:

   a. Whether Exhibit A, Exhibit B, Exhibit C, and other yet-to-be-discovered facsimiles sent by or on behalf of Defendants advertised the commercial availability or quality of any property, goods or services;

   b. Whether Defendants were the senders of advertisements by facsimile;

   c. The manner and method used to compile or obtain the list(s) of fax numbers to which Defendants sent the faxes at issue;

   d. Whether the Court should award statutory damages to Plaintiff

    and the other class members;

    e. If the Court finds that Defendants willfully or knowingly violated the TCPA, whether the Court should exercise its discretion to increase the amount of the statutory damages award to an amount equal to not more than three times the amount;

    f. Whether the Court should enjoin Defendants from faxing advertisements in the future; and

    g. Whether Defendants' conduct as alleged herein constituted conversion.

31. **Typicality of claims.** Plaintiff's claims are typical of the claims of the other class members, because Plaintiff and all class members were injured by the same wrongful practices. Plaintiff and the members of the class received Defendants' advertisements by facsimile and those advertisements did not contain the opt-out notice required by the TCPA. Under the facts of this case, because the focus is upon Defendants' conduct, if Plaintiff prevails on its claims, then the other putative class members will prevail as well.

32. **Adequacy of representation.** Plaintiff is an adequate representative of the class because its interests do not conflict with the interests of the class it seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and TCPA litigation in particular, and Plaintiff intends to vigorously prosecute this action. Plaintiff and its counsel will fairly and adequately protect the interest of members of the class.

33. **Prosecution of separate claims would yield inconsistent results.** Even though the questions of fact and law in this action are predominantly common to Plaintiff and the putative class members, separate adjudication of each class member's claims would yield inconsistent and varying adjudications. Such inconsistent rulings would create incompatible standards for Defendants to operate under if/when class members bring additional lawsuits concerning the same unsolicited fax advertisements or if Defendants choose to advertise by fax again in the future.

34. **A class action is the superior method of adjudicating the common questions of law or fact that predominate over individual questions.** A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all class members is economically unfeasible and procedurally impracticable. The likelihood of individual class members prosecuting separate claims is remote, and even if every class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the class would be proper. Plaintiff envisions no difficulty in the management of this action as a class action.

<u>COUNT I</u>
<u>TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227</u>

35. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

36. Plaintiff brings Count I on behalf of itself and a class of similarly situated persons against Defendants.

37. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227 (b) (1).

38. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227 (a) (4).

39. <u>Exhibit A</u>, <u>Exhibit B</u>, and <u>Exhibit C</u> advertise Defendants' commercially available home sleep study or outpatient diagnostic services.

40. Defendants sent the <u>Exhibit A</u>, <u>Exhibit B</u>, and <u>Exhibit C</u> to Plaintiff and the fax machines of other professionals to promote the sale of Defendants' home sleep study and outpatient diagnostic services.

41. The TCPA provides a private right of action as follows:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> > (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

47 U.S.C. § 227 (b) (3).

42. The Court, in its discretion, may treble the statutory damages if it determines that a violation was knowing or willful. 47 U.S.C. § 227 (b) (3).

43. The TCPA requires that every advertisement sent by facsimile must include an opt-out notice clearly and conspicuously displayed on the bottom of its first page. 47 U.S.C. § 227 (b) (2) (D) and (E); 47 C.F.R. § 64.1200 (a) (4).

44. Here, Defendants violated 47 U.S.C. § 227 (b) (1) (C) by sending advertisements by facsimile (such as Exhibit A) to Plaintiff and the other class members without their prior express invitation or permission.

45. Here, Defendants violated 47 U.S.C. § 227 (b) (1) (C) by sending an advertisement by facsimile (such as Exhibit A) to Plaintiff and the other class members without their prior express invitation or permission.

46. Defendants' facsimiles did not contain the opt-out notice required by the TCPA. 47 U.S.C. § 227 (b) (2) (D) and (E); 47 C.F.R. § 64.1200 (a) (4) (iii) & (v).

47. The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if Defendants' actions were negligent. 47 U.S.C. § 227 (b) (3).

48. Even if Defendants did not intend to injure Plaintiff and the other

11

class members, did not intend to violate their privacy, and did not intend to waste their valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

49. If Defendants' actions were knowing or willful, then the Court has the discretion to increase the statutory damages up to three times the amount. 47 U.S.C. § 227 (b) (3).

50. Defendants are liable for the fax advertisements at issue because they sent the faxes, caused the faxes to be sent, participated in the activity giving rise to or constituting the violation, approved the format and content of the faxes, the faxes were sent on its behalf, the faxes advertise Defendants' goods, products, or services, or under general principles of vicarious liability, including actual authority, apparent authority and ratification.

51. Defendants' actions damaged Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. The subject faxes used the fax machines of Plaintiff and the other class members. The subject faxes wasted Plaintiff's valuable time, requiring receipt and review Defendants' unlawful fax. Defendants' faxes unlawfully interrupted Plaintiff and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of unlawful fax advertisements occurred outside Defendants' premises.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally, as follows:

A.  That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.  That the Court award $500.00 in statutory damages for each violation of the TCPA;

C.  That, if it finds either or both Defendants willfully or knowingly violated the TCPA's faxing prohibitions, the Court exercise its discretion to increase the amount of the statutory damages award to an amount equal to not more than 3 times the amount (Plaintiff requests trebling);

D.  That the Court enter an injunction prohibiting Defendants from violating the TCPA; and

E.  That the Court award costs and such further relief as the Court may deem just and proper.

### COUNT II
### CONVERSION

52.  Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

53.  Plaintiff brings Count II on behalf of itself and a class of similarly situated persons and against Defendants.

54.  By sending advertisements to their fax machines, Defendants

improperly and unlawfully converted the class's fax machines to Defendants' own use. Where printed (as in Plaintiff's case), Defendants also improperly and unlawfully converted the class members' paper and toner to Defendants' own use. Defendants also converted Plaintiff's time to Defendants' own use, as they did with the valuable time of the other class members.

55. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members each owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

56. By sending them unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to their own use. Such misappropriation was wrongful and without authorization.

57. Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

58. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendants.

59. Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award damages;

C. That the Court award punitive damages;

D. That the Court award attorney's fees;

E. That the Court award costs of suit; and

F. That the Court award such further relief as it may deem just and proper under the circumstances.

>Respectfully submitted,
>
>BLAKE TISHMAN, P.A, a Florida Professional Corporation, individually and as the representative of a class of similarly-situated persons,
>
>By: /s/ Phillip A. Bock
>
>Phillip A. Bock (FL 93985)
>Bock, Hatch, Lewis & Oppenheim, LLC
>134 N. LaSalle St., Ste. 1000
>Chicago, IL  60602
>P.O. Box 416474
>Miami Beach, FL 33141
>Telephone:  312-658-5500
>Facsimile:  312-658-5555
>service@classlawyers.com